# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KEVIN KNIGHT,** ) | **Case No. 1:07 CV 3772** |
| ) | |
| **Plaintiff,** ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | and **ORDER OF TRANSFER** |
| **HORACE MANN INS. CO., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

Before the Court is Defendant Horace Mann Insurance Company's Renewed Motion to Change Venue of this Action to the Eastern District of Michigan, Southern Division, etc. (**ECF No. 7**). For the following reason, the Motion is **GRANTED**.

**I.**

This is the third time this case has been before me, and the fourth time Horace Mann has requested transfer to a different venue based on the doctrine of forum nonconveniens.[1]

The first case, No. 1:05 CV 1045, was filed in this district court by Plaintiff Kevin Knight on April 25, 2005. Plaintiff voluntarily dismissed the case without prejudice on March 13, 2006 (ECF Nos. 13, 14) – just prior to my issuing a ruling on Horace Mann's fully briefed

---

[1] Plaintiff Kevin Knight, who alleges that he purchased a "totaled" 1995 Lexus ES300, has brought his complaints against Defendant Horace Mann Insurance Company and others to recover for a fraudulent title-skipping scheme and failure to obtain salvage title.

Motion to Dismiss for Failure to Join Indispensable Party or, in the Alternative, Change Venue etc. (ECF No. 8).

Plaintiff refiled the case in state court in 2007, and Horace Mann promptly removed it based on the alleged presence of a federal question. (The case alleged all state-law claims with a single reference to the Federal Odometer Act.) After the case was reassigned to me as related to the first case, Horace Mann filed another Motion to Dismiss for Failure to Join All Necessary and Indispensable Parties or, in the alternative, to Change Venue etc. (ECF No. 10). Shortly thereafter, the Court issued a Show Cause Order, noting that the sole basis for removal was the presence of a tenuous federal question (ECF No. 11). The Court allowed Plaintiff a time certain within which to file an amended complaint deleting any references to the Federal Odometer Act, after which the Court would remand the case to state court (ECF No. 11). The Court noted, however, that if Plaintiff did not file an amended complaint, the Court would transfer the case to the Eastern District of Michigan since that is where the alleged unlawful title-skipping scheme occurred (Id., at 4). Plaintiff timely filed an amended complaint with no references to the federal act (ECF No. 15), followed by Horace Mann's Renewed Motion to Transfer Venue etc. (ECF No. 16), followed by Plaintiff's Motion for Remand (ECF No. 17). The Court issued a Memorandum of Opinion denying Horace Mann's Renewed Motion to Transfer and granting Plaintiff's Motion for Remand (ECF No. 19).

After the parties completed discovery and filed dispositive motions in the state proceeding, the state court judge granted summary judgment in favor of the nondiverse (Ohio) parties. The state court judge also granted summary judgment on all claims against Horace Mann except a claim for compensatory and punitive damages brought under the Michigan Code

(specifically, MCL 257.217). The Ohio defendants having been dismissed, Horace Mann removed the case to federal court on the basis of diversity jurisdiction where it was promptly assigned to me as related to my earlier two cases, and given the No. 1:07 CV 3772. Horace Mann has now filed a Renewed Motion to Change Venue (ECF No. 7). This issue was thoroughly briefed two years ago, and the Court feels the same way today that it felt two years ago. That is, the case should be tried in Michigan for the following reasons.

Horace Mann moves to transfer venue pursuant to 28 U.S.C. § 1404(a). Section 1404(a) permits a district court to transfer venue of a case to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses as well as in the interest of justice." "While a plaintiff's choice of forum is generally entitled to substantial weight, that choice is given less consideration if the operative events giving rise to the lawsuit took place in a forum other than that chosen by the plaintiff." *Webb v. U.S.*, No. 1:07 CV 2200, 2007 WL 4270660, at *1 (N.D. Ohio Nov. 30, 2007) (*citing Roberts Metals, Inc. V. Florida Props. Mktg. Group, Inc.*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991)). The decision whether to grant a motion to transfer venue under § 1404(a) is within the discretion of the district court. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 886 (6th Cir. 2006).

Although Plaintiff Knight resides in Ohio, the incident giving rise to this action occurred in Michigan, most if not all the witnesses to the event reside and/or work in Michigan, and the sole remaining claim is brought under Michigan statute. Thus, I conclude that the balance weighs in favor of transferring the case to Michigan.

**II.**

Accordingly, Defendant Horace Mann Insurance Company's Renewed Motion to Change Venue of this Action to the Eastern District of Michigan, Southern Division, etc. (**ECF No. 7**) is hereby **GRANTED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     December 21, 2007*
**Dan Aaron Polster**
**United States District Judge**